John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA AMEZCUA PADILLA, individually; D.G.L., a minor, by and through her guardian *ad litem*, Cristina Lopez, individually and as successor-in-interest to Luis Guerrero; O.J.G.R., a minor, by and through her guardian *ad litem*, Theresa Ramirez, individually and as successor-in-interest to Luis Guerrero, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ANA, a public entity; and DOES 1-20, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment (42 U.S.C. § 1983) <br> 2. Fourteenth Amendment (42 U.S.C. § 1983) <br> 3. Municipal Liability (42 U.S.C. § 1983) <br> 4. Battery (Wrongful Death and Survival Action) <br> 5. Violation of Bane Act (Cal. Civil Code § 52.1) <br> 6. Negligence (Wrongful Death and Survival Action) <br><br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

Plaintiffs Bertha Amezcua Padilla, D.G.L., and O.J.G.R. (all together, "Plaintiffs"), for their Complaint against Defendants City of Santa Ana and Does 1-20, inclusive, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

3. Plaintiff Bertha Amezcua Padilla is the biological mother of Decedent Luis Guerrero ("Decedent"). At all relevant times, Plaintiff Bertha Amezcua Padilla is and was a resident of the County of Orange, State of California.

4. Plaintiffs D.G.L. and O.J.G.R. are the minor children of Decedent. A petition to appoint Cristina Lopez, D.G.L.'s mother, as her guardian *ad litem* has been filed concurrently with this Complaint. A petition to appoint Theresa Ramirez, O.J.G.R.'s mother, as her guardian *ad litem* has also been filed concurrently with this Complaint. At all relevant times, Plaintiffs D.G.L. and O.J.G.R. are and were residents of the County of Orange, State of California. Their co-successor-in-interest declarations pursuant to CCP section 377.32 are attached hereto as "Exhibit A."

5. At all relevant times, Defendant City of Santa Ana ("City") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Ana Police Department and its agents and employees. The City was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and

agents complied with the laws of the United States and the State of California. At all relevant times, City was the employer of Defendants Does 1-20 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

6. Defendants Does 1-20 are sworn officers employed by City, who were directly involved in causing Decedent's death. The names of Does 1-20 are unknown to Plaintiffs at this time, who therefore sue such officers by fictitious names. Plaintiffs will amend their Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-20 were acting under color of law and within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, City.

7. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

8. On April 26, 2022, Plaintiffs filed a claim for damages with City pursuant to applicable sections of the California Government Code. Plaintiffs' claims have been rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

10. On April 1, 2022, at approximately 11:45 p.m., Defendant Doe officers from the Santa Ana Police Department responded to the La Quinta Inn on 2721 Hotel Terrace in Santa Ana, California.

11. Defendant Doe officers confronted Decedent in one of the motel's rooms.

12. Decedent was unarmed and did not pose an immediate threat of death or serious bodily injury to any other person, including Defendant Doe officers.

13. Defendant Doe officers tased Decedent and tackled him to the ground.

14. After tackling Decedent to the ground, Defendant Doe officers restrained him in a prone position for several minutes, including by applying pressure to his back and neck.

15. Defendant Doe officers never checked to see if Decedent could breathe or if he had a pulse while restraining him, despite Decedent displaying obvious signs of being unable to breathe.

16. As a result of the improper restraint, Decedent died.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment (42 U.S.C. § 1983)

(Against Defendants Does 1-20)

17. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18. Defendants Does 1-20 used excessive and unreasonable force against Decedent when they tased him, tackled him to the ground, and improperly restrained him in such a way that ultimately caused his death. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

19. As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

20. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

21. Defendants Does 1-20 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

22. Plaintiffs D.G.L. and O.J.G.R. bring this claim in their individual and representative capacities and seek survival and wrongful death damages. Plaintiffs also seek attorney fees.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment (42 U.S.C. § 1983)

(Against Defendants Does 1-20)

23. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

24. Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with Plaintiffs' familial relationship with their loved one and family member, Decedent.

25. The aforementioned actions of Defendants Does 1-20, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

26. As a result of Defendants Does 1-20's conduct, Decedent lost his life and Plaintiffs were harmed.

27. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

28. Plaintiffs D.G.L., O.J.G.R., and Bertha Amezcua Padilla bring this claim in their individual capacities and seek wrongful death damages for the loss of familial relationship. Plaintiffs also seek attorney fees.

## THIRD CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

(Against City)

29. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. Defendants Does 1-20 acted under color of law.

31.     The acts of Defendants Does 1-20 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, as described above.

32.     Upon information and belief, the training policies of the City were not adequate to train law enforcement officers to handle the usual and recurring situations with which they must deal.  Specifically, as evidenced by this incident, the City did not adequately train its officers with respect to restraint and/or positional asphyxia.  The City failed to train its officers about the risks – including death – of restraining subjects in prone positions while applying pressure to their necks and backs.  Moreover, the City did not train its officers with respect to prone restraint cardiac arrest, which occurs when subjects are improperly restrained by officers in a prone position and without adequate ventilation.  The City's inadequate training policies directly contributed to Decedent's death.

33.     Based on the above, Plaintiffs contend that the City is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

## FOURTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival Action)

(Against All Defendants)

34.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

35.     Defendants Does 1-20, while working as police officers, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent.  As a result of the actions of Defendants Does 1-20, Decedent was harmed and ultimately died.

36.     The City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code.  Defendants Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

///

///

37. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

38. Plaintiffs D.G.L. and O.J.G.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages under California law.

## FIFTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

39. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

40. Defendants Does 1-20, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

41. When Defendants Does 1-20 tased, tackled and improperly restrained Decedent, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

42. Defendants Does 1-20 successfully interfered with the above civil rights of Decedent.

43. The conduct of Defendants Does 1-20 caused Decedent's death.

44. The City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code.

45. The conduct of Defendants Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

46. Plaintiffs D.G.L. and O.J.G.R. bring this claim in their representative capacities and seek survival damages, statutory damages, and attorney fees.

## SIXTH CLAIM FOR RELIEF

### Negligence (Wrongful Death and Survival Action)

(Against All Defendants)

47. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48. The actions and inactions of Defendants Does 1-20 described above – together with undiscovered conduct – were negligent and reckless.

49. The following conduct, without limitation, fell below the standard of care:

    a. The decision to tase Decedent;

    b. The failure to use proper de-escalation tactics;

    c. The decision to tackle Decedent to the ground;

    d. The decision to improperly restrain Decedent by applying pressure to his neck and back while he remained in a prone position; and

    e. The failure to check on Decedent's breathing while he was being restrained in a prone position and during which time he exhibited clear signs of being unable to breathe.

50. As a direct and proximate result of the conduct of Defendants Does 1-20 as alleged above, together with other undiscovered conduct, Decedent was harmed and ultimately died.

51. Defendant City is vicariously liable for the wrongful acts of Defendants Does 1-20 pursuant to section 815.2(a) of the California Government Code. Defendants Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

52. Plaintiffs D.G.L. and O.J.G.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages under California law.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. For wrongful death damages, in an amount to be proven at trial;

B. For survival damages – including for Decedent's pre-death pain and suffering – under state and federal law, in an amount to be proven at trial;

C. For punitive damages against the individual defendants, in an amount to be proven at trial;

D. For statutory damages pursuant to Cal. Civil Code § 52.1, in an amount to be proven at trial;

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: July 18, 2022                               TAYLOR & RING

By: /s/ Neil K. Gehlawat
    John C. Taylor
    Neil K. Gehlawat
    Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: July 18, 2022					TAYLOR & RING


							By: /s/ Neil K. Gehlawat
								John C. Taylor
								Neil K. Gehlawat
								Attorneys for Plaintiffs

*Exhibit A*

John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA AMEZCUA PADILLA, individually; D.G.L., a minor, by and through her guardian *ad litem*, Cristina Lopez, individually and as successor-in-interest to Luis Guerrero; O.J.G.R, a minor, by and through her guardian *ad litem*, Theresa Ramirez, individually and as successor-in-interest to Luis Guerrero,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a public entity; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF CRISTINA LOPEZ ON BEHALF OF MINOR D.G.L. PURSUANT TO CCP § 377.32** |

///
///
///
///
///

1

DECLARATION OF CRISTINA LOPEZ ON BEHALF OF MINOR D.G.L. PURSUANT TO CCP § 377.32

**DECLARATION OF CRISTINA LOPEZ ON BEHALF OF MINOR D.G.L.**

I, Cristina Lopez, declare:

1. I am the biological mother and guardian *ad litem* for minor D.G.L., who is the daughter of decedent, Luis Guerrero.
2. Luis Guerrero passed away on April 2, 2022 in Santa Ana, California.
3. No proceeding is now pending in California for administration of decedent's estate.
4. D.G.L. is decedent's co-successor-in-interest and succeeds to his interest in this action along with his other minor child (O.J.G.R.).
5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.
6. A certified copy of decedent's death certificate is attached hereto as "Exhibit 1."

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2022, in Santa Ana, California.

_____
Cristina Lopez, on behalf of minor D.G.L.

John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA AMEZCUA PADILLA, individually; D.G.L., a minor, by and through her guardian *ad litem*, Christina Lopez, individually and as successor-in-interest to Luis Guerrero; O.J.G.R, a minor, by and through her guardian *ad litem*, Theresa Ramirez, individually and as successor-in-interest to Luis Guerrero, <br><br>        Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ANA, a public entity; and DOES 1-20, inclusive, <br><br>        Defendants. | CASE NO. <br><br> **DECLARATION OF THERESA RAMIREZ ON BEHALF OF MINOR O.J.G.R. PURSUANT TO CCP § 377.32** |

///
///
///
///
///

1

**DECLARATION OF THERESA RAMIREZ ON BEHALF OF MINOR O.J.G.R.**

I, Theresa Ramirez, declare:

1. I am the biological mother and guardian *ad litem* for minor O.J.G.R., who is the daughter of decedent, Luis Guerrero.
2. Luis Guerrero passed away on April 2, 2022 in Santa Ana, California.
3. No proceeding is now pending in California for administration of decedent's estate.
4. D.G.L. is decedent's co-successor-in-interest and succeeds to his interest in this action along with his other minor child (D.G.L.).
5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.
6. A certified copy of decedent's death certificate is attached hereto as "Exhibit 1."

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2022, in Santa Ana, California.

_____
Theresa Ramirez, on behalf of minor O.J.G.R.

2

DECLARATION OF THERESA RAMIREZ ON BEHALF OF MINOR O.J.G.R. PURSUANT TO CCP § 377.32

*Exhibit 1*

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE
## HEALTH CARE AGENCY

**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 3052022089133
LOCAL REGISTRATION NUMBER: 3202230007263

| Field | Value |
|---|---|
| 1. Name of Decedent - First | LUIS |
| 2. Middle | FERNANDO |
| 3. Last | GUERRERO AMEZCUA |
| 4. Date of Birth | 10/27/1986 |
| 5. Age | 35 |
| 6. Sex | M |
| 8. Birth State/Foreign Country | MEXICO |
| 11. Ever in U.S. Armed Forces | NO |
| 12. Marital Status | NEVER MARRIED |
| 7. Date of Death | 04/02/2022 |
| 8. Hour | 0855 |
| 13. Education | SOME COLLEGE |
| 14/15. Hispanic | YES MEXICAN |
| 16. Race | HISPANIC |
| 17. Usual Occupation | TOW TRUCK DRIVER |
| 18. Kind of Business | TRANSPORTATION |
| 19. Years in Occupation | 4 |
| 20. Decedent's Residence | 1865 ROCKCREST DRIVE |
| 21. City | CORONA |
| 22. County | RIVERSIDE |
| 23. Zip Code | 92880 |
| 24. Years in County | 0 |
| 25. State | CA |
| 26. Informant's Name, Relationship | BERTHA AMEZCUA, MOTHER |
| 27. Informant's Mailing Address | 1865 ROCKCREST DRIVE, CORONA, CA 92880 |
| 31. Name of Father - First | JOSE |
| 32. Middle | LUIS |
| 33. Last | GUERRERO |
| 34. Birth State | MEXICO |
| 35. Name of Mother - First | BERTHA |
| 36. Middle | PADILLA |
| 37. Last | AMEZCUA |
| 38. Birth State | MEXICO |
| 39. Disposition Date | 04/14/2022 |
| 40. Place of Final Disposition | FAIRHAVEN MEMORIAL PARK, 1702 FAIRHAVEN AVENUE, SANTA ANA, CA 92705 |
| 41. Type of Disposition | CREMATE/BURIAL |
| 42. Signature of Embalmer | JAE P SIMON |
| 43. License Number | EMB8340 |
| 44. Name of Funeral Establishment | FAIRHAVEN MEMORIAL PARK & MORTUARY |
| 45. License Number | FD1313 |
| 46. Signature of Local Registrar | REGINA CHINSIO-KWONG, DO |
| 47. Date | 04/13/2022 |
| 101. Place of Death | ORANGE COUNTY GLOBAL MEDICAL CENTER |
| 102. If Hospital | IP |
| 104. County | ORANGE |
| 105. Facility Address | 1001 N TUSTIN AVE |
| 106. City | SANTA ANA |
| 107. Cause of Death - Immediate Cause (A) | PENDING INVESTIGATION |
| 108. Death Reported to Coroner | YES |
| Coroner Number | 22-02161-AA |
| 109. Biopsy Performed | NO |
| 110. Autopsy Performed | YES |
| 111. Used in Determining Cause | YES |
| 112. Other Significant Conditions | UNKNOWN |
| 113. Was Operation Performed | UNK |
| 113A. If Female, Pregnant | NO |
| 119. Manner of Death | Pending Investigation |
| 126. Signature of Coroner | LARRY ESSLINGER |
| 127. Date | 04/05/2022 |
| 128. Type Name, Title of Coroner | LARRY ESSLINGER, DEP CORONER |

**CERTIFIED COPY OF VITAL RECORDS**

*004962013*

STATE OF CALIFORNIA
COUNTY OF ORANGE } SS

DATE ISSUED: April 18, 2022

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

REGINA CHINSIO-KWONG, DO
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

